IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO CESAR SANCHEZ,

    Plaintiff,

    v.

DALLAS ANDRUSS, SHERRI KINNEY, J. VANDERHOOVEN, LT. G. A. KELLY, ET AL.

    Defendant.

No. C-10-3213 MMC

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND**

Before the Court is the Complaint of plaintiff Julio Cesar Sanchez, filed July 22, 2010, by which plaintiff brings multiple claims under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A(a), the Court has conducted a preliminary screening of the above-referenced pleading, and finds as follows.

1. To the extent plaintiff's first cause of action is based on an assault upon plaintiff by another inmate, plaintiff's claim fails, for the reason that plaintiff fails to allege that any defendant was aware of such other inmate's membership in a rival gang. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (holding, for correctional officer to be held liable for harm caused by fellow inmate, "officer must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). Plaintiff's allegation that any defendant "knew or should have known" of such membership (see Compl. ¶ 24) is, in essence, an allegation of negligence, in that the two alternatives are plead in the disjunctive. See id. at 835-36 & n.4 (holding negligence not actionable under § 1983).

2. To the extent plaintiff's first cause of action is based on the use of pepper

spray upon plaintiff, plaintiff's claim likewise fails, as plaintiff's conclusory allegation that the use was "without justification" (see Compl. ¶ 22) is insufficient to plead such force was not "applied in a good-faith effort to maintain or restore discipline, [but, rather,] maliciously and sadistically to cause harm." See Hudson v. McMillan, 503 U.S. 1, 6-7 (1992).

   3.   Plaintiff's fourth cause of action fails to plead deliberate indifference to serious medical need, for the reason that plaintiff fails to plead any defendant was aware that plaintiff had suffered an injury resulting in a serious medical need, let alone facts to support such allegation. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (holding, to show deliberate indifference to serious medical need, "defendant must purposefully ignore or fail to respond to" such need).

   4.   In light of plaintiff's failure to plead liability on the part of any individual defendant, plaintiff's second and third causes of action, alleging, respectively, conspiracy and Monell liability, necessarily fail. Moreover, even if such individual liability had been pled, plaintiff's conspiracy and Monell claims would fail as pled, for the reason that plaintiff's conclusory allegation of conspiracy is insufficient, see Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (holding, to plead conspiracy, plaintiff must "state specific facts to support the existence of the claimed conspiracy" (internal quotation and citation omitted)), and plaintiff fails to plead any theory, let alone facts, to support his Monell claim.

   Accordingly, plaintiff's Complaint is hereby DISMISSED with leave to amend. Any amended complaint shall be filed no later than January 28, 2010.

   **IT IS SO ORDERED.**

Dated: December 27, 2010

MAXINE M. CHESNEY
United States District Judge