IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO CESAR SANCHEZ,

    Plaintiff,

v.

DALLAS ANDRUSS, SHERRI KINNEY, J. VANDERHOOVEN, LT. G.A. KELLEY, ET AL.

    Defendant.

No. C-10-3213 MMC

**ORDER OF PARTIAL DISMISSAL AND SERVICE; SCHEDULING CASE MANAGEMENT CONFERENCE**

    On July 22, 2010, plaintiff Julio Cesar Sanchez ("Sanchez") filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court dismissed the complaint with leave to amend. Now pending before the Court is Sanchez's First Amended Complaint ("FAC").

## DISCUSSION

### A. Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Sanchez's Claims**

The FAC alleges that, on July 23, 2008, Sanchez was attacked by a fellow inmate and rival gang member, referred to as "Aguilar," while both were incarcerated at Pelican Bay State Prison.  In particular, the FAC alleges Aguilar was brought to Sanchez's cell by two correctional officers, although Aguilar was not Sanchez's cell mate, that Sanchez was handcuffed while the cell door was opened and Aguilar was allowed to enter, that Aguilar immediately attacked and severely injured Sanchez, and that prison officials either acquiesced in or failed to stop the attack.  (See FAC ¶¶ 15-39.)  On the basis of these allegations, the FAC asserts three theories of liability under 42 U.S.C. § 1983: (1) failure to protect, in violation of Sanchez's Eighth and Fourteenth Amendment rights, (2) conspiracy, in violation of Sanchez's Eighth and Fourteenth Amendment rights, and (3) "Monell/Municipal liability."  (See FAC ¶¶ 57-61).[1]

### 1.     Doe Defendants

In addition to the defendants discussed below, the FAC asserts causes of action against "ten unknown named defendants."  (See FAC at 1).  The use of Doe defendants, however, is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Consequently, the Doe defendants will be dismissed without prejudice.  Should Sanchez succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint.  See id.

### 2.     Failure to Protect

Sanchez's first cause of action alleges defendants failed to protect him from an attack by a rival inmate.  (See FAC ¶ 57).  To state a viable claim under § 1983 for failure to protect, a plaintiff must allege (1) that he was "incarcerated under conditions posing a

---

[1] In his initial complaint, Sanchez also alleged claims based on excessive force and deliberate indifference to medical needs.  Because Sanchez did not plead those claims in the FAC, they are deemed waived.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (holding "plaintiff waves all claims alleged in a dismissed complaint which are not realleged in an amended complaint").

2

substantial risk of serious harm" and (2) that the correctional officers exhibited "'deliberate indifference' to inmate health or safety." See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." See id. at 837. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" to prevent a violation of the prisoner's rights by another. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (finding claim stated against officers where inmate alleged officers had opportunity to intervene to prevent attack against inmate by third officer, but failed to do so).

Here, Sanchez's allegations of deliberate indifference to his safety, when liberally construed, state a cognizable claim against correctional officer defendants Dallas Andruss, Sherri Kinney, J. Vanderhooven, and G.A. Kelley. In particular, Sanchez alleges each such officer either directly participated in bringing Aguilar to Sanchez's cell or failed to intervene once Aguilar began attacking Sanchez, and that each defendant did so with knowledge that Sanchez and Aguilar were rival gang members and with knowledge and in disregard of the risks attendant to placing such rival gang members in the same cell. (See FAC ¶¶ 17-25, 46-48.)

Sanchez fails, however, to state a cognizable claim against defendant Francisco Jacquez ("Jacquez"). Sanchez's conclusory allegation that Jacquez, a supervisor not alleged to have been directly involved in the attack, "failed to assure that defendants Kelley, Andruss, Kinney, and Vanderhooven were properly trained to avoid placing inmates from rival prison gang factions in close proximity to each other" (see FAC ¶ 51) is insufficient to support an inference that such "failure to train resulted from the defendant's 'deliberate' or 'conscious' act." See Ramirez v. Giurbino, No. 10cv1292-WHQ (MDD), 2011 WL 2669484, at *6 (S.D. Cal. May 24, 2011) (citing Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998)); see, e.g., Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *14 (9th Cir. July 25, 2011) (finding complaint against supervisor sufficient where plaintiff "ma[de] detailed factual allegations" that "[went] well beyond reciting the elements of a claim of deliberate indifference"; noting complaint included allegations of "numerous incidents in which inmates

. . . [had] been killed or injured because of the culpable actions of the subordinates of [defendant]," and defendant "was given notice, in several reports, of systematic problems in the county jails under his supervision that [had] resulted in these deaths and injuries"). The Court, however, will afford Sanchez further leave to amend to cure, if he can do so, the deficiencies noted in his claim against Jacquez.

### 3. Conspiracy

Sanchez's second cause of action, alleging conspiracy under § 1983, fails to plead a cognizable conspiracy claim against any defendant. To plead a claim of conspiracy to violate constitutional rights, a plaintiff must "state specific facts to support the existence of the claimed conspiracy." See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004). Here, Sanchez does not plead such facts, and instead relies only on conclusory allegations. (See FAC ¶ 45.) Moreover, as the Court previously dismissed Sanchez's conspiracy claim and provided leave for Sanchez to plead facts to support it, and as Sanchez has pleaded no additional facts to support a claim of conspiracy, Sanchez's cause of action for conspiracy will be dismissed without leave to amend.

### 4. Monell/Municipal Liability

Sanchez's third cause of action, based on Monell liability, likewise fails. See Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658 (1978). While Monell held a municipality may be held liable as a "person" under § 1983, see id. at 690, Monell did not hold that either states or state officials[2], when sued in their official capacity, are persons under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding Monell did not alter precedent that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Accordingly, as the defendants are state, and not municipal, officials, the FAC does not state a cognizable cause of action against them under Monell, and the third cause of action will be dismissed without leave to amend.

---

[2] "The Ninth Circuit has determined that the California Department of Corrections is a state agency entitled to Eleventh Amendment immunity"; consequently, state prison officials are treated as state officers. See Harbridge v. Schwarzenegger, No. CV 07-4486–GW(SH), 2010 WL 2889522, at *4 (C.D. Cal. Feb. 9, 2010).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The claims against all named and Doe defendants other than the defendants listed below are hereby DISMISSED; the second and third causes of action are hereby DISMISSED as to all defendants without further leave to amend; the first cause of action is hereby DISMISSED as to the Doe defendants and defendant Francisco Jacquez, with leave to amend to cure the deficiencies noted as to said named defendant.

2. Sanchez's Second Amended Complaint, if any, shall be filed no later than August 26, 2011

3. The Clerk of the Court shall issue summons and the United States Marshall shall serve, without prepayment of fees,[3] a copy of the FAC in this matter (Docket No. 14), as well as a copy of this order, upon the following defendants at Pelican Bay State Prison: Correctional Officers Dallas Andruss, Sherri Kinney, J. Vanderhooven, and Lieutenant G.A. Kelley.

4. A Case Management Conference is hereby SCHEDULED for November 4, 2011. The parties shall file a joint case management statement no later than October 28, 2011.

**IT IS SO ORDERED.**

Dated: August 5, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] By separate order filed concurrently herewith, Sanchez has been granted leave to proceed in forma pauperis.