IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR SANCHEZ<br><br>    Plaintiff,<br><br>  v.<br><br>DALLAS ANDRUSS, SHERRI KINNEY, J. VANDERHOOVEN, LT. G.A. KELLEY, ET AL.<br><br>    Defendant.<br>_____/ | No. C 10-3213 MMC<br><br>**ORDER OF PARTIAL DISMISSAL; CONTINUING CASE MANAGEMENT CONFERENCE** |

On June 7, 2011, plaintiff Julio Cesar Sanchez ("Sanchez") filed his First Amended Complaint ("FAC"), alleging violations of 42 U.S.C. § 1983. On August 5, 2011, the Court held Sanchez had (1) stated a claim under § 1983 against defendants Dallas Andruss, Sherri Kinney, J. Vanderhooven, and G.A. Kelley ("correctional officer defendants") for a failure to protect him from physical harm in violation of his constitutional rights, (2) failed to state a claim for supervisory liability under § 1983 against defendant Francisco Jacquez ("Jacquez"), and (3) failed to state a claim based on conspiracy or Monell liability. Sanchez's claims against Jacquez were dismissed with leave to amend; his conspiracy and Monell claims were dismissed without leave to amend. (See Order of Partial Dismissal and Service, filed August 5, 2011 ("Order").) Now before the Court is Sanchez's Second Amended Complaint ("SAC").

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Sanchez's Claims**

In the SAC, Sanchez alleges that, on July 23, 2008, he was attacked by a fellow inmate and rival gang member, referred to as "Aguilar," while both were incarcerated at Pelican Bay State Prison ("PBSP").  In particular, the SAC alleges Aguilar was brought to Sanchez's cell by two correctional officers, although Aguilar was not Sanchez's cell mate, that Sanchez was handcuffed while the cell door was opened and Aguilar was allowed to enter, that Aguilar immediately attacked and severely injured Sanchez, and that prison officials either acquiesced in or failed to stop the attack.  (See SAC ¶¶ 31-38.)  On the basis of these allegations, the FAC asserts two theories of liability under 42 U.S.C. § 1983: (1) failure to protect, in violation of Sanchez's Eighth and Fourteenth Amendment rights, against the correctional officer defendants and (2) supervisory liability against Jacquez. (See SAC ¶¶ 74-75).

    **1.     Doe Defendants**

In addition to the named defendants, Sanchez asserts his claims against "ten unknown named defendants."  (See SAC at 1.)  As the Court noted in its prior order, the use of Doe defendants is not favored in the Ninth Circuit.  (See Order at 2:16-18 (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).)  Consequently, the Doe defendants will, again, be dismissed without prejudice.  Should Sanchez succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint.  See id.

### 2. Failure to Protect

Sanchez's First Claim for Relief alleges the correctional officer defendants violated his rights under the Eighth and Fourteenth Amendments by failing to protect him from an attack by another inmate. (See SAC ¶ 74). The Court previously held Sanchez's allegations sufficient to state a claim against the correctional officer defendants, finding Sanchez had alleged that "each such officer either directly participated in bringing Aguilar to Sanchez's cell or failed to intervene once Aguilar began attacking Sanchez, and that each defendant did so with knowledge that Sanchez and Aguilar were rival gang members and with knowledge and in disregard of the risks attendant to placing such rival gang members in the same cell." (See Order at 3:11-15.) The Court finds Sanchez's allegations against said defendants again state a cognizable claim for failure to protect.[1]

### 3. Supervisory Liability

Sanchez's Second Claim for Relief alleges a claim against Jacquez for supervisory liability. A supervisor may be held individually liable under § 1983 "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); see also, e.g., Ramirez v. Giurbino, No. 10cv1292-WHQ (MDD), 2011 WL 2669484, at *6 (S.D. Cal. May 24, 2011) (holding supervisor may be found liable for failure to train subordinates where "failure to train resulted from the defendant's 'deliberate' or 'conscious' act" (citing Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998)). The Court previously held Sanchez failed to state a claim against Jacquez, finding the conclusory allegation that Jacquez "failed to assure that defendants Kelley, Andruss, Kinney, and Vanderhooven were properly trained

---

[1] The Court notes, however, the SAC contains potentially inconsistent allegations. (Compare SAC ¶ 21 (alleging correctional officer defendants "failed to verify the gang affiliation status of either Plaintiff or inmate Aguilar prior to placing Aguilar in Plaintiff's cell") with SAC ¶ 42 (alleging correctional officer defendants "knew that plaintiff had been labeled a 'Sureno' and that the inmate who was placed into plaintiff's cell on July 23, 2008, who attacked plaintiff, was a 'Norteno'") and SAC ¶ 51 (alleging correctional officer defendants "each disregarded the known excessive risk to the Plaintiff's safety . . . because each defendant knew that the Plaintiff was a designated Sureno and that Aguilar was a known Norteno").)

to avoid placing inmates from rival prison gang factions in close proximity to each other" (see FAC ¶ 51) was insufficient to support an inference of a deliberate or conscious act (see Order at 3:22-25).

Sanchez now alleges Jacquez: "promulgated or otherwise implemented a policy that resulted in the failure to train CDCR [California Department of Corrections and Rehabilitation] employees . . . and otherwise failed to supervise their conduct such that inmate gang affiliation would be 'reviewed and considered' prior to housing two inmates in a single cell" (see SAC ¶ 23); "ignored the failure of the CDCR/PBSP training regimen(s) to train correctional officers" (see SAC ¶ 25); "set in motion a series of events that led to the malicious and sadistic beating of plaintiff . . . by deliberately failing to institute a training program to train correctional officers how to manage inmates from rival prison gangs in administrative segregation" (see SAC ¶ 26); and "adopted and ratified the conduct of [the correctional officer defendants]" by "approving of the decisions" and "the bases for the decisions" they made and "failing to investigate" the attack on Sanchez (see SAC ¶ 27). Absent further factual elaboration, such additional conclusory allegations fail to state a claim for supervisory liability.  See, e.g., Starr, 652 F.3d at 1216 (finding complaint against supervisor sufficient where plaintiff "ma[de] detailed factual allegations" that "[went] well beyond reciting the elements of a claim of deliberate indifference"; noting complaint included allegations of "numerous incidents in which inmates . . . [had] been killed or injured because of the culpable actions of the subordinates of [defendant]," and defendant "was given notice, in several reports, of systematic problems in the county jails under his supervision that [had] resulted in these deaths and injuries").

The Court will, however, again afford Sanchez leave to amend to cure, if he can do so, the deficiencies noted in his claim against Jacquez.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against all Doe defendants are hereby DISMISSED.

2. The claims against Jacquez are hereby DISMISSED with leave to amend to

4

cure the deficiencies noted.

3.     Sanchez's Third Amended Complaint, if any, shall be filed no later than February 10, 2012.

4.     The Case Management Conference currently scheduled for February 10, 2012 is hereby CONTINUED to April 20, 2012.  The parties shall file a joint case management statement no later than April 13, 2012.

**IT IS SO ORDERED.**

Dated:  January 23, 2012

_____
MAXINE M. CHESNEY
United States District Judge