IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIO C. SANCHEZ,

    Plaintiff,

    v.

DALLAS ANDRUSS, et al.,

    Defendants.
                              /

No. C 10-3213 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER EXTENDING DISCOVERY CUTOFF**

       Before the Court is plaintiff Julio C. Sanchez's "Ex Parte Application for Permission to File Ex Parte Motion for Order Extending Discovery Cutoff," filed March 12, 2013. On March 13, 2013, the Court, treating the motion as a request for a determination on shortened time, issued an order setting a briefing schedule on the motion to extend. (See Order, filed March 13, 2013.) Defendants thereafter filed timely opposition. Plaintiff did not file a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

       On April 20, 2012, the Court issued a Pretrial Preparation Order, setting January 22, 2013 as the cutoff for fact discovery. (See Pretrial Preparation Order, filed Apr. 20, 2012.) By the instant motion, plaintiff seeks an order modifying the date of the discovery cutoff "to permit plaintiff to take the deposition of defendant Dallas Andrus [("Andruss")]" in light of the "impending due date for [plaintiff's] response to [defendants'] Motion for Summary Judgment." (See App'n at 1:19-22.) Defendants oppose the modification, arguing, inter alia, plaintiff has not shown good cause therefor. As discussed below, the Court agrees.

       Deadlines set out in a pretrial order "may be modified only for good cause." See

1  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the
2  diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc.,
3  975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking the modification "was not diligent,
4  the inquiry should end there."  See id.

5       The interactions between plaintiff's counsel and defendants' counsel from July 2012
6  until the date of the fact discovery cutoff show plaintiff had ample opportunity to take
7  defendant Andruss's deposition prior to the close of fact discovery and well in advance of
8  defendant's motion.  Beginning in July 2012, counsel for the respective parties discussed
9  the selection of a hearing date for defendants' anticipated motion for summary judgment
10  and agreed to a date in February 2013.  (See Mossler Decl. ¶¶ 2-6.)  In August 2012,
11  defendants' counsel offered to allow plaintiff's counsel to hold a phone conference with
12  each of the defendants, for the purpose of conducting informal discovery; plaintiff's counsel
13  accepted the offer, but selected no date(s).  (See Mossler Decl. ¶ 7.)  In September and
14  November 2012, the parties' respective counsel discussed possible dates for defendants'
15  depositions, and defendants' counsel provided several dates on which defendants were
16  available in November and December, but plaintiff again selected no date or dates for
17  informal phone discovery, nor did plaintiff notice any depositions.[1]  (See Mossler Decl.
18  ¶¶ 8-11.)  On December 6, 2012, plaintiff served interrogatories and requests for
19  production of documents but did not serve any deposition notices.  (See Mossler Decl.
20  ¶ 11.)  On January 15, 2013, defendants' motion for summary judgment was filed, and
21  noticed for hearing on February 22, 2013.  On January 27, 2013 and February 15, 2013,
22  the parties filed stipulations to continue the hearing date, first to March 15, 2013, and then
23  to April 26, 2013, primarily, in each instance, to accommodate plaintiff's counsel.  (See
24  Stipulation, filed Jan. 27, 2012; Stipulation filed Feb. 15, 2013.)  As noted, plaintiff did not
25  move to modify the above-referenced scheduling order until March 12, 2013.

---

27  [1] The dates provided by defendants were November 19-21, 2012 (see Mossler Decl.
28  Ex. D), and December 11-14, 18, and 26-28, 2012 (see id. Ex. E).

"Good cause may be found to exist where the moving party shows . . . [1] that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and [2] that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009). In support of the instant motion, plaintiff's counsel states he was "consumed with" work in other cases, and, in "late November and into December 2012," was ill and thus "not working anywhere near full capacity during those several weeks." (See Price Decl. ¶¶ 6-8.)

From the time the Court issued its pretrial order to the date of fact discovery cutoff, however, plaintiff had nine months in which to take Andruss's deposition.[2] Moreover, from the time the parties began discussing the hearing date for the anticipated motion for summary judgment until defendants filed their motion, plaintiff had more than five months in which to take Andruss's deposition for use in his opposition, and, despite propounding other discovery, did not schedule the deposition.

Given the length of time in which plaintiff could have deposed any potential witness known to plaintiff, including a party defendant and percipient witness such as Andruss, and given that plaintiff waited to file the instant motion until almost two months had passed after the motion for summary judgment was filed, the Court finds plaintiff was not diligent in attempting to comply with the Court's pretrial order, and, consequently, that plaintiff has not shown good cause exists for the relief sought.

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2013

MAXINE M. CHESNEY
United States District Judge

---

[2] The trial and discovery cutoff dates set forth in the Court's pretrial order are the dates jointly proposed by the parties. (See Joint Case Mgmt. Statement, filed Apr. 13, 2013 at 8.)

3